JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0209 AG (OPx) consol. with EDCV 10-0212 AG (OPx) | Date | April 18, 2013 |
|---|---|---|---|
| Title | INTEGRATED FINANCIAL ASSOCS, INC. v. MARSHALL BANK, N.A., et al. consol. with MARSHALL BANK, N.A., et al. v. TWELVE OAKS PARTNERS, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

These proceedings involve two cases: (1) *Marshall Bank v. Twelve Oaks Partners LLC, et al.*, EDCV 10-0212 AG (OPx) (the *"Marshall* case" ) and (2) *Integrated Financial Associates Inc. v. Marshall Bank, et al.*, EDCV 10-0209 AG (OPx) (the "*IFA* case"). Both cases were originally filed in state court.

On March 25, 2013, the Court dismissed Twelve Oaks' second amended cross-complaint, effectively ending the *IFA* case. (IFA case, Dkt. No. 276)

The Court has also approved the stipulated dismissal of the FDIC in the *Marshall* case, eliminating original jurisdiction in that case. (*IFA* case, Dkt. No. 295; *Marshall* case, Dkt. No. 190.)

Defendant Blanchard has now filed a Motion to Remand ("Motion"), arguing that the Court no longer has original jurisdiction and that the Court should remand the remaining claim to state court. (Dkt. No. 296.) Plaintiff MB-BONA ("Plaintiff") opposes the Motion. (Dkt. No. 304.)

JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0209 AG (OPx) consol. with EDCV 10-0212 AG (OPx) | Date | April 18, 2013 |
|---|---|---|---|
| Title | INTEGRATED FINANCIAL ASSOCS, INC. v. MARSHALL BANK, N.A., et al. consol. with MARSHALL BANK, N.A., et al. v. TWELVE OAKS PARTNERS, LLC, et al. | | |

This matter came before the Court due to the FDIC's involvement, and now, upon the FDIC's abandonment of its claims, the Court finds that the matter is best resolved in state court. The Court GRANTS the Motion.

Federal courts must jealously guard their jurisdiction. *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005); *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). And the exercise of supplemental jurisdiction is a matter of discretion. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."), *superseded by statute in* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). The Ninth Circuit has stated, "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 *supplemented*, 121 F.3d 714 (9th Cir. 1997) (quoting *Carnegie-Mellon,* 484 U.S. at 350 n. 7).

Plaintiff's primary argument is that judicial economy requires the Court to retain jurisdiction. (Opp'n, Dkt. No. 304, at 7.) The Court is keenly aware of the resources expended in this matter. Indeed, "it is the *district* judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point." *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (citation omitted). "The district court, of course, has the discretion to determine whether *its* investment of judicial energy justifies retention of jurisdiction . . . " *Id.* (quotation omitted). And even a substantial commitment of judicial resources is just one factor the court must consider. *See Nat'l Audubon Soc. v. Dep't of Water*, 869 F.2d 1196, 1206 (9th Cir. 1988). Although the Court has expended significant judicial resources in this matter, it does not find, contrary to Plaintiff's assertion, that judicial economy requires the Court

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0209 AG (OPx) consol. with EDCV 10-0212 AG (OPx) | Date | April 18, 2013 |
|---|---|---|---|
| Title | INTEGRATED FINANCIAL ASSOCS, INC. v. MARSHALL BANK, N.A., et al. consol. with MARSHALL BANK, N.A., et al. v. TWELVE OAKS PARTNERS, LLC, et al. | | |

to retain jurisdiction.

More importantly, if the Court retained jurisdiction it would be called upon to decide state law matters more appropriately handled by state courts. Further, the Court is familiar with the unfortunate delay that can result when a district court resolves a state law matter, that matter is appealed to the Ninth Circuit, which certifies the matter to the California Supreme Court, and the matter ultimately finds its way back to the district court sometimes years later.

Finally, Plaintiff's reliance on cases where remand was found to be an abuse of discretion is unpersuasive because, not only are those cases from other circuits, they are distinguishable from the present matter. For example, in *Redondo*, the case was originally filed in federal court, the cost of translating documents to Spanish for the Puerto Rico courts was significant, and the plaintiff's remaining claims did not involve any challenging issues of Puerto Rico law. *Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49-50 (1st Cir. 2011).

After considering numerous factors, including judicial economy, convenience, fairness, and comity, the Court finds that the remaining claim in this matter is best handled in state court.

**DISPOSITION**

The Court GRANTS the Motion and REMANDS the remaining claim to the appropriate state court.

:   0

Initials of Preparer     lmb

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0209 AG (OPx) consol. with EDCV 10-0212 AG (OPx) | Date | April 18, 2013 |
|---|---|---|---|
| Title | INTEGRATED FINANCIAL ASSOCS, INC. v. MARSHALL BANK, N.A., et al. consol. with<br>MARSHALL BANK, N.A., et al. v. TWELVE OAKS PARTNERS, LLC, et al. | | |